**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 15-4601**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LAWRENCE WAYNE REESE,

        Defendant - Appellant.

───────────

**No. 15-4611**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LANCE TERRELL REESE,

        Defendant - Appellant.

───────────

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:15-cr-00032-LO-1; 1:15-cr-00032-LO-2)

───────────

Submitted: August 15, 2016     Decided: September 12, 2016

───────────

Before KING and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

------

Dontae Lamont Bugg, BUGG LAW FIRM, PLLC, Fairfax, Virginia; Geremy Kamens, Acting Federal Public Defender, Kevin R. Brehm, Assistant Federal Public Defender, Alexandria, Virginia, for Appellants. Dana J. Boente, United States Attorney, Michael E. Rich, Christopher Catizone, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

------

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Lawrence Reese ("Lawrence") and Lance Reese ("Lance") were convicted of various charges relating to the arson of Lawrence's business. Lawrence and Lance were convicted of conspiracy to commit arson and arson, violations of 18 U.S.C. § 844(n), (i) (2012), respectively. Lawrence also was convicted of arson to commit mail fraud, a violation of 18 U.S.C. § 844(h) (2012); arson to commit wire fraud, a § 844(h) violation; mail fraud, a violation of 18 U.S.C. § 1341 (2012); and wire fraud, a violation of 18 U.S.C. § 1343 (2012).

On appeal, Lance challenges the sufficiency of the evidence supporting his convictions. Next, Lawrence and Lance assert that the district court erred by refusing to grant a new trial based on certain comments made by the district court. Finally, Lawrence challenges the district court's imposition of consecutive rather than concurrent sentences. We affirm.

I.

Lance asserts that the district court erred by denying his motion for a judgment of acquittal under Fed. R. Crim. P. 29(a). We review the court's denial de novo, United States v. Fuertes, 805 F.3d 485, 501-02 (4th Cir. 2015), cert. denied, 136 S. Ct. 1220 (2016), and view the evidence in the light most favorable to the Government to determine whether the guilty verdict is supported by substantial evidence. United States v. Bailey, 819

3

F.3d 92, 95 (4th Cir. 2016). "In determining whether there is substantial evidence to support a verdict, we defer to the jury's determinations of credibility and resolutions of conflicts in the evidence, as they are within the sole province of the jury and are not susceptible to judicial review." United States v. Louthian, 756 F.3d 295, 303 (4th Cir. 2014) (internal quotation marks omitted).

Lance contests the Government's proof of his participation in the conspiracy on the ground that the only evidence was the testimony of a convicted coconspirator. We have held, however, "that the testimony of a co-defendant standing alone and uncorroborated is sufficient to sustain a conviction." United States v. Patterson, 150 F.3d 382, 386 (4th Cir. 1998); United States v. Wilson, 115 F.3d 1185, 1190 & n.10 (4th Cir. 1997). After viewing the evidence as a whole and in the light most favorable to the Government, we conclude that there was sufficient evidence to prove Lance's involvement in the underlying conspiracy and aiding and abetting the arson. See United States v. McNeal, 818 F.3d 141, 149 (4th Cir. 2016) (stating elements of conspiracy), petition for cert. filed, __ U.S.L.W. __ (U.S. June 23, 2016) (No. 16-5017); United States v. White, 771 F.3d 225, 230 (4th Cir. 2014) (stating elements of arson), cert. denied, 135 S. Ct. 1573 (2015); United States v. Garcia, 752 F.3d 382, 389 n.6 (4th Cir. 2014) (stating elements

4

of aiding and abetting).  Thus, the district court did not err in denying Lance's motion for judgment of acquittal.

## II.

The Reeses challenge the district court's denial of the motion for a new trial based on certain comments made by the district court during trial.  Generally, "we review the district court's denial of a [Fed. R. Crim. P. 33] motion for a new trial for abuse of discretion."  United States v. Parker, 790 F.3d 550, 558 (4th Cir. 2015).  When a party fails to object during trial, however, our review is for plain error.[1]  United States v. Farrior, 535 F.3d 210, 222 (4th Cir. 2008), abrogated on other grounds by United States v. Williams, 808 F.3d 238 (4th Cir. 2015); United States v. Godwin, 272 F.3d 659, 672 (4th Cir. 2001).  Under either standard, Lawrence and Lance are entitled to no relief.

The Reeses contend that the district court improperly commented on the coconspirator's testimony.  See United States

---

[1] To overturn the Reeses' convictions under plain error review, we must find (1) an error; (2) that is plain; and (3) that affects substantial rights.  Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016).  Even if all three conditions are met, it is within our discretion whether to remedy the error, and we will refrain from intervening unless "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  Id. (internal quotation marks omitted).

5

v. Martinovich, 810 F.3d 232, 239 (4th Cir. 2016) (providing standard). Here, the district court's intervention "simply fulfill[ed] its obligation to clarify confused factual issues or misunderstandings [and] to correct inadequacies of examination or cross-examination." United States v. Castner, 50 F.3d 1267, 1273 (4th Cir. 1995). In addition, the district court gave numerous instructions to the jury reminding the jury that it was their recollection of the evidence that controlled. See Martinovich, 810 F.3d at 241. We therefore conclude that the court's isolated statement did not unfairly prejudice either Lance or Lawrence so as to deprive either of a fair trial. See United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008).

Next, the Reeses challenge the district court's comments during Lance's counsel's closing argument and during the Government's closing rebuttal argument. Our review of the record leads us to conclude that the district court did not err in denying the motion for a new trial on these grounds. The court instructed the jury that it was the Government's burden to prove guilt beyond a reasonable doubt and that it was the jury's recollection of the evidence that controlled. See Martinovich,

6

810 F.3d at 241. Accordingly, the district court's denial of the motion for a new trial was not erroneous.[2]

### III.

Finally, Lawrence challenges his sentence. Our precedent forecloses his argument that his sentences for arson and conspiracy should be imposed concurrently with his sentences for arson to commit mail and arson to commit wire fraud. See United States v. Martin, 523 F.3d 281, 293 n.6 (4th Cir. 2008); see also 18 U.S.C. § 844(h). Thus, the district court appropriately sentenced Lawrence to a total of 15 years' of imprisonment.

### IV.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] To the extent Lance and Lawrence also argue that the cumulative effect of the court's comments deprived them of a fair trial, we reject this claim as well.